EVELYN E. SCHOGER *et al.*, Plaintiffs-Appellees, v. THE FRANKLIN LIFE INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 2—86—0338

Opinion filed January 28, 1987.

William R. Ketcham, of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., of Elgin, for appellant.

Heidi H. Katz, of Fawell, James & Brooks, of Naperville, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, the Franklin Life Insurance Company, appeals from the trial court's order directing a verdict in favor of plaintiffs, Evelyn E. Schoger, Grant H. Schoger, and Grant H. Schoger and Sons, Inc.

This action arose out of a dispute over whether the insured, Grant H. Schoger, was entitled to a waiver of premiums due to total disability. On October 20, 1966, Grant Schoger was insured by two policies issued by defendant. Both policies were for a face amount of $100,000, and both policies were 10-year term policies. Both named Grant H. Schoger and Sons, Inc., as the beneficiary. The policies had an expiry date of October 12, 1976. Both policies contained supplemental agreements whereby the company agreed to waive the premiums upon the total disability of the insured, subject to the conditions contained in those agreements. An extra charge for this benefit was included in the annual premiums. On October 11, 1976, Grant H.

Schoger and Sons, Inc., applied to convert the policies under option A of the exchange privilege provision contained in each policy. The exchange provision allowed the owner of the policy to request, before the expiry date of the policy, that the policy be exchanged for an individual life or endowment policy. The exchange was to be allowed without evidence of insurability. The paragraph further provided:

"If an Accidental Death Benefit provision is attached to this policy, then a similar provision without increase in amount may be attached to the new policy, without evidence of insurability. If a Waiver of Premium Disability Benefit provision is attached to this policy and if at the time of exchange the Insured is not totally disabled, as defined in such provision, then a similar provision providing for benefits on total disability resulting from bodily injury or disease occurring after issue of the new policy may be attached to the new policy, without evidence of insurability, provided the premium period of the new policy is at least 20 years. If exchange is made under Option A below, neither the Accidental Death Benefit nor the Waiver of Premium Disability Benefit may be attached if the Insured's attained age exceeds the age for which such benefits are available on a new policy."

The company exchanged the term policies for two whole life policies, effective October 12, 1976. Each policy contained a clause regarding a waiver of premium disability benefit. The corporation elected to exchange the policy under option A, which stated that the policy was to begin on the date of exchange. Option B, which was not chosen by plaintiff corporation, allowed an exchange to be made whereby the effective date of the new policy was to be considered the same as that of the original policy. Ownership of the policy was eventually changed to Evelyn Schoger.

On November 10, 1978, Grant Schoger notified the defendant of his total disability, which began on October 26, 1975. On January 2, 1979, the defendant denied plaintiff's request for a waiver of premiums on the whole life insurance on the basis that the insured's total disability began prior to the effective dates of the whole life insurance. The waiver of premium provisions in each policy specifically restricted the benefit to disabilities which occurred after the payment of the first premium "for this Agreement" and also specifically excluded coverage for disabilities which resulted "from bodily injury or disease occurring before the date of issue of the policy if the policy was issued in exchange for any other policy or policies" and disabilities which began while the policy was not in force.

Plaintiffs brought suit, arguing that as the term policies were converted as a matter of right into the whole life policies, each of the term policies and the whole life policies was part of a single agreement. Therefore, plaintiffs argue that the insured's disability did not occur before the date of the issue of the policy since the date of the policy would be that of the original effective date of the term policy. The court granted plaintiffs' motion for a directed verdict on this count. Alternatively, plaintiffs moved for a directed verdict on count II of their complaint, which alleged that under the term policies' provisions they were entitled to have the last premium of each term policy waived due to the insured's total disability. Upon waiver of the last premium, they were then entitled to automatic issuance of a new policy upon expiry of each term policy. The trial court did not rule on this motion. Defendant moved for a directed verdict as to counts III and IV of plaintiffs' complaint, and the trial court granted the defendant's motion. Plaintiffs do not appeal from that order.

On appeal, plaintiffs urge this court to uphold the trial court's finding that the whole life policies were a continuation of the term policies such that the language in the whole life policies referring to the date of issue of the policy and referring to payment of the first premium of "this agreement" would be interpreted to relate back to the term policies. Under such an interpretation, the waiver of premium benefit would apply because the disability would have occurred after payment of the initial premiums for the term policies and the disability would have occurred while the policy was in force and subsequent to the date of issue of the term policies. Defendant argues that the whole life policies were separate and distinct from the term policies, and, as such, the language in the whole life policies must be found to exclude the disability of the insured's from the waiver of premium benefit since the insured's disability began before October 12, 1976, the effective date of the whole life policies.

The parties do not cite, nor have we found, any Illinois cases dealing with a similar issue. However, many States have considered the issue of whether a policy issued pursuant to a conversion clause is a separate policy or whether the two policies from a single contract. In *Commonwealth Life Insurance Co. v. Jackson* (Ind. App. 1982), 432 N.E.2d 1382, 1391, the court held that the second policy was merely a continuation of the original policy, relying on the fact that the second policy issued without any questions as to insurability and without a break in the coverage. The court considered many cases from other jurisdictions, indicating that if the new policy is identical to or substantially the same as the first, the two policies are to be considered

as one agreement. 432 N.E.2d 1382, 1388.

■■ ■ We are well aware that in making a determination as to whether a contract is ambiguous, the court must construe the policy in its entirety and give effect to every part of the policy. Where an ambiguity exists in an insurance contract, that ambiguity will be construed against the insurance company. (*Weeks v. Aetna Insurance Co.* (1986), 150 Ill. App. 3d 90, 501 N.E.2d 349.) We must agree that if the whole life policies were a continuation of the term policies, an ambiguity would exist. The ambiguity would arise from the provision indicating that a policy exchanged for the original policy would not contain a waiver of premium disability benefit if the insured was totally disabled at the time of exchange and the provision indicating that the insured was entitled to a waiver of premiums if his disability began after the issue date. Construing the ambiguity against the insurance company, we would be compelled to find, as the trial court did, that the insured is entitled to a waiver of premiums. However, after a careful review of the policies, we hold that the whole life policies were separate and distinct from the term policies.

While the whole life policies were issued pursuant to an obligation of the company which was undertaken in the original term policies, the terms of the whole life policies could, according to the conversion clause, differ in an important aspect from the terms of the term policies. The waiver of premium disability benefit, the very clause at issue in this case, was not to be included as part of the whole life policies if, at the time of exchange, the insured was totally disabled. Since we now know that Grant Schoger was disabled at the time of exchange, the provisions in the whole life policies regarding waiver of premium disability benefits are without force or effect. *Moore v. Hancock Mutual Life Insurance Co.* (5th Cir. 1971), 436 F.2d 823, 830.

The decision in the case of *Moore v. John Hancock Mutual Life Insurance Co.* (5th Cir. 1971), 436 F.2d 823, lends support to our holding here. In that case, the insured exercised a conversion privilege. He then committed suicide within two years of the issuance of the second policy, and the insurance company refused to pay the proceeds due to a suicide clause contained only in the second policy. That clause refused coverage if the insured committed suicide within two years from the date of issue. In determining that the insured was entitled to the coverage granted in the original policy rather than the restricted coverage offered by the newer policy, the court looked to the conversion clause. The court held that the conversion clause was ambiguous as to whether the second policy was to grant the same quality of coverage, and the ambiguity would then be construed against the

insurance company. The court indicated that the insurance company could have clearly restricted its coverage so as not to provide coverage for deaths by suicide within two years of the date of conversion if there was express language to that effect in the conversion clause. 436 F.2d 823, 830.

■ For the very reasons that the court in *Moore* held against the insurance company, we must, under the facts of this case, hold in favor of the defendant insurance company. In the instant case, there was express language contained in the conversion clause which indicated that plaintiff was not entitled to a waiver of premium disability benefits under the whole life policies if he was totally disabled at the date of exchange. Plaintiffs' whole life policies were separate and independent contracts which contained no right to have premiums waived on the whole life policies.

We turn to plaintiffs' alternative contention, which is that the trial court could have properly directed a verdict for them as to count II of their complaint. Count II of the plaintiffs' complaint alleged that they were entitled to a waiver of premiums under the whole life policies because each of the term policies contained provisions which gave the insured the right to whole life policies, including a waiver of premium disability benefit, if the last premium due on the term policies was waived due to the insured total disability. Here, all the premiums due on the term policies were paid. Under the provisions of the policies, the premiums were payable beginning on October 12, 1966, and on the anniversary of that date each year until the premiums had been paid for the 10-year term. Thus, the last premiums were payable on October 12, 1975. The insured became totally disabled on October 26, 1975.

Plaintiffs argue that under the terms of the waiver of the premium provision, which provided that the company would waive all premiums becoming due after the commencement of the disability, he was entitled to have the last premium of the term policies waived. It is plaintiffs' contention that the last premium did not become due until 31 days after October 12, 1975, the grace period during which the policy was to remain in force. Plaintiffs' argument is that since the insured was disabled before the 31 days had passed, they were entitled to waiver of the last premium on each policy, and under the automatic issuance of new policy provision of the contracts, they were then entitled to issuance of two whole life policies and a waiver of premiums on those policies during the continuation of the disability.

■ This argument cannot be sustained. The provisions allowed the insured to receive new policies with premiums waived for the du-

ration of the disability upon expiry of the term policies only if the last premiums under the term policies were waived. The provisions dealing with waiver of premiums indicate that premiums due after the commencement of disability will be waived only if the home office receives written notice of the claim not later than one year from the due date of the premium. Thus, even if we were to accept plaintiffs' argument that the due date of the premium payable on October 12, 1975, was actually 31 days later, plaintiffs did not give notice of the claim within one year of that date. Plaintiffs gave notice of the claim of disability on November 10, 1978. Therefore, since the company did not waive the plaintiffs' last premium under the term policies, and since under the terms of the policies the plaintiffs were clearly not entitled to a waiver of that premium, the provision allowing an insured an automatic issuance of a new policy and a waiver of premiums has no application to this case.

For the reasons stated, the judgment of the circuit court of Kendall County is reversed.

Reversed.

LINDBERG, P.J., and HOPF, J., concur.